Argued Cases, so we can go ahead and begin with case number 25-2135, Theodoritis v. Islamic Republic of Iran. Mr. Green, whenever you're ready. Good morning, and may it please the court, Alexander Green on behalf of the appellants, the estates of Michael Theodoritis and Rama Salhi. Speak right up, Mr. Green. Thank you. This case arises from the September 11 terrorist attacks. On the morning of 9-11, the appellants boarded American Airlines Flight 11. They were on their way to a wedding in California. Halima Salhi was six months pregnant at the time. At approximately 8-14, al-Qaeda terrorists hijacked the plane and proceeded to stab a business class passenger and two flight attendants. For the next 32 minutes, the appellants suffered severe emotional distress from witnessing each other's impending death. At 8-46, the appellants were brutally murdered when the plane was flown into the North Tower of the World Trade Center. The sole issue before this court is whether the appellants suffered compensable emotional distress under New York law. Before we go there, could you address jurisdiction? Usually the denial of a default judgment isn't final because it doesn't end the litigation. Yes. Subject matter jurisdiction is satisfied here under 1605B. And the court has jurisdiction over a foreign court under 28 U.S.C. section 1330A. And Iran defaulted as established and as acknowledged by the district court. The district court refused to follow established... I guess my question is the default judgment is not a final judgment, right? That's correct, yes. There was a 54B judgment in this case. And that's sufficient here? Yes, that's sufficient here. Okay, continue. The district court refused to follow established New York law and to award the appellants damages. The reason why we're talking about New York law is because your clients were not U.S. nationals. That's correct. They're foreign nationals, so therefore they're not covered by JASTA, right? That's correct. They were not entitled to move under 28 U.S.C. 1605A and 1605B acts as a pass-through to New York law. The district court erred by adding a requirement that the damages the appellants suffer fall within the parameters of a separate federal statute that is inapplicable to this case. Yeah, the salatium damages are akin to what we, in New York law, we call wrongful death damages, right? Loss of care and support and any emotional trauma that resulted from the death, correct? That's correct. Whereas here the appellants are... And those damages are payable to survivors, but it's the survivors who suffer the emotional difficulty, correct? That's correct. And your point here is that because you're seeking intentional affliction of emotion, of distress, that it's the individual who the husband is thinking about his wife's death and she's within the environment where someone's been killed, they've captured the plane, and the plane is flying erratically. And so therefore it's the emotional disturbance that he's dealing with with regard to the large probability of his wife's impending death and vice versa for the wife, correct? That's correct, yes. And that's clearly compensable under New York law, correct? Yes. Since both Judge Jones' opinion, what, 20 years ago, more than 20 years ago, New York's recognized that if a father sees his son shot, the father has a claim for intentional affliction of emotion, distress. That's correct. All right. So you're saying this is akin to that? Yes. All right. How does that get you to salation damages, though? We are not moving for salation damages in this case. You say these are separate. It is separate because, again, the appellants are not U.S. nationals and we're not moving for salation damages. Let me ask it differently then. What damages would your IIED theory get you that's not already covered by pain and suffering? The appellants receive damages for the pain and suffering they suffered arising out of their own deaths, not from the emotional distress suffered from witnessing each other's impending death. And the district court found that the appellants suffered devastating and tremendous emotional distress from witnessing each other's impending death. But the district court held that because it's not the type of emotional distress that warrants salation damages, the fourth element of IIED under New York law is not satisfied. But New York intentional infliction of emotional distress law is separate from salation damages under federal law, under 28 U.S.C. 1605A. Someone sees their spouse shot, has a claim for IIED, individually. They also have a claim – they ultimately have a claim for survivor damages because they've survived and those damages are an expression of to share the care or bounty of the individual as defined by New York law. One is dependent upon what the deceased would have done for the survivor. The other is dependent upon the survivor's individual emotional disturbance as a result of seeing their loved one killed, injured. We used to have within the zone of danger, these two people fit easily within the zone of danger, but that requirement is no longer under New York law, be that as it might. So you're saying the claim was particularized as to him, what he was feeling with regard to knowing that his wife was going to die. That's correct. And the district court held that because the appellants did not survive each other, that although they suffered devastating and tremendous emotional distress, that they would not be entitled to satisfy the fourth element of New York intentional infliction of emotional distress. Curiously, that's true for the Selachian damages, isn't it? For Selachian – Selachian damages have typically been awarded for immediate relatives of people who have passed.  Not in all circumstances. But here, there is established New York case law where intentional infliction of emotional distress was awarded where a life was not lost. If a spouse was in the car with a husband who was driving a car, and she witnessed him being hit by a truck, and the husband survived, she can make a claim for intentional infliction of emotional distress. So you want a remand on intentional infliction of emotional distress, and then on remand, you're not going to argue that the claim results in Selachian damages, but for pain and suffering for watching the spouse, each other's spouse, suffer solely for New York intentional infliction of emotional distress. Not under Selachian, that's correct. So why isn't the district court's statement that the plaintiffs are sufficiently compensated by an adequate award of compensatory damages, why is that not correct here? Because the pain and suffering they were – the appellants were compensated for arose out of their own debts. So in 2011, Magistrate Judge Moss issued a report and recommendation to the court after lengthy evidence and factual findings regarding a damages framework to award 9-11 victims, including 9-11 decedents and their loved ones. And for pain and suffering, a flat $2 million amount was awarded to each 9-11 decedent's estate, irrespective of the pain and suffering they suffered during the attacks. But that pain and suffering was regarding their own death, not the additional emotional suffering from witnessing loved ones who also died during those attacks. What if there were a family member who received a call as the plane was going down, and so they had to suffer through the minutes of terror knowing what was happening? Are they eligible under your theory for some additional damages? My understanding is there's a very small number of non-U.S. national 9-11 plaintiffs who had to resort to 28 U.S.C. 1605B. The vast majority of 9-11 victims in the multi-district litigation, in-rate terrorist attacks on September 11, 2001, have been awarded salation damages for the emotional suffering regarding the loss of their loved one. Salation damages covers from after the death, the loss, suffering resulting from the loss. And what this theory seems to be covering is the period immediately before the loss, the death. And so why wouldn't everyone be entitled to additional damages for that period under your theory? Well, the appellants are not entitled to move under salation damages, and an individual who lost a loved one on 9-11 who recovered for salation damages would be recovering for the emotional distress related to their loved one's loss on September 11. Here, the appellants are not eligible to move under Section 1605A for salation damages. I guess my concern is if we say this is a theory that can result in damages that are not already covered by a category that's been addressed in the MDL, then what's to say that other victims are not also entitled to pain and suffering damages different from what's already been covered by their own death and different from salation damages which comes after the death of a loved one? Do you understand what I'm asking? Yes. So I think in this particular circumstance, there was several calls from two flight attendants on board upon which the 9-11 commission report is based and upon which Dr. Diaz's expert report is based where it shows evidence that the appellants would know that they were about to die and that their loved ones sitting next to them were also about to die. In the circumstance of someone watching the attack on TV, there could be an evidentiary question as to whether or not they had that foreknowledge. But I think here it's clear that this is the appellant's only recourse for the emotional distress suffered from witnessing their loved one's impending death due to the fact that they can't move under Section 1605A for salation damages. Thank you, counsel. We'll take the matter under advisement.